UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NANCY HYNDS,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

Case No.: ~~6:15-cv-1403-Orl-40KRS~~

6:15-cv-1403-Orl-41KRS

## COMPLAINT

Plaintiff, NANCY HYNDS ("Plaintiff" and/or "Hynds"), sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and alleges:

### FACTUAL ALLEGATIONS

1. This is an action, pursuant to the provisions of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to recover employee benefits, to enforce rights under, and to enforce the terms of an employee welfare benefit plan sponsored by QinetiQ North America, Inc. ("Qinetiq").

2. The Prudential Insurance Company of America ("Prudential") issued Long Term Disability Policy No. 44819 (the "Plan") to Qinetiq. A copy of the Plan purportedly in effect as of the date of the denial of Plaintiff's claim is attached as **Exhibit A**.

3. The Plan is an employee welfare benefit plan as defined by 29 U.S.C. § 1002(3). At all times material, the Plan was in full force and effect.

4. Prudential is both the insurer of Plan benefits and the claims administrator under the Plan.

Hynds v. The Prudential Insurance Company of America
Complaint
Page 2

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1132(e)(2) in that the denial of Plan benefits at issue occurred in Brevard County, Florida, which is in this District.

7. Plaintiff is over the age of eighteen (18) and resides in Brevard County, Florida.

8. Prudential is a foreign corporation engaging in business through its subsidiaries or agents within this District.

9. Plaintiff was formerly employed with Qinetiq. At all times material, Plaintiff was a Plan Participant and Beneficiary under the Plan within the meaning of 29 U.S.C. § 1002(7).

10. On or about January 6, 2012, during the course of her employment with Qinetiq, Plaintiff became disabled under the terms of the Plan.

11. Prudential recognized Plaintiff's disability and paid Plan benefits for a period of twenty-four (24) months.

12. Thereafter, although Plaintiff continued to satisfy the terms and conditions of the Plan and remained entitled to receive benefits under the Plan, on or about April 4, 2014, Prudential denied Plaintiff's claim and discontinued its payment of Plan benefits.

13. Plaintiff timely appealed the denial of her claim.

14. By letter of December 23, 2014, Prudential upheld the denial.

15. The Plan permitted Plaintiff to submit a voluntary second level appeal, which she did on or about February 26, 2015.

16. Before Prudential had completed its review of the second level appeal, Plaintiff provided additional medical information in support of her the appeal.

17. By letter of May 11, 2015, Prudential denied the second level appeal.

18. Prudential failed to properly and adequately investigate the merits of Plaintiff's claim and failed to provide a full and fair review of the claim.

## COUNT I

19. This is an action for relief under ERISA § 502, 29 U.S.C. § 1132.

20. Plaintiff incorporates in Count I the allegations in paragraphs 1 through 18.

21. Prudential insured and purportedly administered Plaintiff's claim.

22. Plaintiff continues to suffer from impairments which render her disabled within the definition of the Plan and entitled to benefits under the Plan.

23. The denial of Plaintiff's claim was arbitrary and capricious.

24. The denial of Plaintiff's claims violated the terms of the Plan and ERISA.

25. Prudential has failed to properly administer Plaintiff's claim.

26. Prudential has failed to approve Plaintiff's claim.

27. Prudential has failed to pay benefits due to Plaintiff under the Plan.

28. Plaintiff has complied with all conditions precedent necessary to maintain this claim.

29. Plaintiff has exhausted all administrative remedies required under the Plan.

30. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has

Hynds v. The Prudential Insurance Company of America
Complaint
Page 4

retained the services of the undersigned attorney and is obligated to pay reasonable fees for her services.

WHEREFORE, Plaintiff, Nancy Hynds, asks this Court to enter judgment against Defendant The Prudential Life Insurance Company of America finding that: (a) Plaintiff is entitled to benefits under the Plan incurred from the date of denial through the entry of judgment; (b) direct that Plaintiff's claim for continuing benefits is approved and that all accrued benefits be paid to Plaintiff; (c) in the alternative to the relief sought in subparagraphs a and b, remand Plaintiff's claim to the claims administrator for consideration of additional facts and information; (d) award pre-judgment interest on unpaid benefits as a matter of restitution as this matter is in the court's discretion; (e) award reasonable attorney's fees and costs incurred in this action; and (f) for such other and further relief as this Court deems just and proper,

Dated: August 25, 2015.

CLONEY & CLONEY, P.A.
Counsel for Plaintiff
5505 N. Atlantic Ave., Suite 202
Cocoa Beach, Florida 32931
Telephone: (321) 631-3336
e-mail: ccc@cloney.com

CHRISTOPHER C. CLONEY
Florida Bar No.: 179595